LEEDS v. EVANS.

(Circuit Court, E. D. Pennsylvania.  January 18, 1900.)

No. 32.

1. PLEADING—AMENDMENT—STATEMENT OF CLAIM.
    Where the original statement of claim filed by a plaintiff alleged his ownership of a farm, an amendment stating facts showing that he was the equitable owner of such farm, although the legal title was in another, involves no departure, and may be permitted, where the relief sought is not dependent on the nature of his title.

2. DEPOSITIONS—EXCEPTIONS TO INTERROGATORIES.
    Under rules of court requiring exceptions to interrogatories to be taken before commission issues, but which also permit exception to be taken on the trial to the admissibility of the evidence returned, where it might have been taken if the witness had been offered for oral examination, an exception to an interrogatory, which goes to the relevancy of the answer anticipated, can be better determined after the answer has been returned, and will not be sustained in advance of the examination.

On motion for leave to amend statement of claim and exception to cross interrogatories filed to be propounded under a commission to take a deposition.

Francis S. Laws and Sharpe & Alleman, for plaintiff.
Theo. F. Jenkins and Charles F. Stilz, for defendant.

DALLAS, Circuit Judge. This court may at any time permit either of the parties to amend defects in the process or pleadings. Rev. St. U. S. § 954. But a statement of claim cannot be so amended as to alter or vary the cause of action, as by adding new parties, or presenting a new subject-matter, after the statute of limitations has become a bar. The amendment here proposed is not, however, subject to this objection. The action is one of deceit, founded upon the allegation that certain representations made by the defendant, or on his behalf, were false, etc.; and this cause of action, its subject-matter, and every material averment affecting the defendant's liability, will remain precisely the same as before after the proposed amendment shall have been made. The original statement alleges that the plaintiff was the owner of a farm, which he (the plaintiff) agreed to exchange for a certain farm of the defendant, concerning which it is averred the representations complained of were made. The amendment now sought to be introduced is entirely consistent with this allegation. It involves no departure from the original statement that the plaintiff was the owner of the farm first mentioned, but merely sets out the nature of the plaintiff's title, and can have no other effect than to give notice that he proposes to prove his ownership by evidence that the equitable title was in him, although the legal title was in the name of a certain James Benge.

The plaintiff has filed three exceptions to the cross interrogatories proposed to be propounded under a commission to be issued to Nashville, Tenn. Two of these exceptions (relating, respectively, to the forty-seventh and to the forty-eighth cross interrogatories) have been withdrawn. The exception to the forty-sixth interrogatory is insisted

upon, but will not be sustained. Although clause 2 of rule 10 provides that exceptions to the interrogatories filed by either party must be taken before the commission be issued, yet, under clause 6 of the same rule, exception may be taken on the trial of the case to the admissibility of the evidence returned, where the exception is one that might be taken to the evidence if the witness were offered for examination orally in court. This exception is really to the anticipated irrelevancy of the evidence to be adduced in answer to the interrogatory objected to, and, as the question thus suggested may, in this instance, be more safely determined after the return of the commission, the plaintiff will be allowed to then renew his exception sec. reg., if he shall be so advised. The plaintiff's motion for leave to amend is granted. His exception to the forty-sixth cross interrogatory under the commission to Nashville, Tenn., is, without prejudice, overruled.